Barker, J.
The appellant is the owner, in fee, of an undivided one-third part of the premises. As such owner she was in the actual possession of the entire parcel, by and through her tenant, one Joseph M. Tates, who had entered *344 under a lease, paying a stipulated rent for the use and occupation.
On the 2d day of April, 1883, the respondent entered into a negotiation with the said tenant, and concluded an arrangement with him by which the latter agreed to attorn to the respondent, who went into the immediate possession of the premises, without the consent of the plaintiff, but with the permission of the said tenant.
At this time McIntyre had a tax deed of the premises, which, he claimed, gave him a title to the premises as against the owner. ' This deed, however, was invalid as against these parties, and it has been so adjudged by this court for the reasons stated in its opinion, in an action between these parties, and reported in 37 Hun, 615.
These are the material facts upon which it is to be determined whether or not these proceedings to remove the respondent as an intruder should be maintained.
The statute provides that a person in the possession of real property may be removed therefrom, in the manner provided therein, whenever such person or persons to whom he had succeeded had intruded into, or squatted upon, a parcel of land in a city or incorporated village, without the permission of the person entitled to the possession thereof and the occupancy, thus commenced, has continued without permission from the latter. § 2232.
The only question to be determined is: Did the respondent gain possession of the premises as an intruder within the meaning of that term as the same is used in said section ? The appellant was in the actual possession of the premises under a legal title as against the respondent, and the latter acquired his possession without the consent and against the will of the appellant. This makes a complete case, entitling the injured party to relief in a summary manner as marked out by the statute. If the defendant sought to gain possession of the premises by a resort to legal remedies, he would have failed for want of any legal right to the occupancy of the premises for any purpose whatever. His negotiations with the tenant for the purpose of acquiring possession of the premises, with the latter’s consent, were clandestine, vicious and unlawful; which avail him nothing, and are condemned by legal precepts and good morals.
Where the relation of landlord and tenant has been once established, the possession of the latter and that of the grantees and assignees is the possession of the landlord, and not hostile or adverse; and this is true even where the grantee has taken a deed of the fee in ignorance of the fact that his grantor stood in relation of a tenant, the latter denying any such relation. The possession of the tenant, as in subordination, to the title of the landlord, continues, *345 not only to the running of the term, but is presumed to be such and to remain unchanged until twenty years after the end of the term, notwithstanding any claim by the tenant or his successors of a hostile title. Whitney v. Edmunds, 94 N. Y., 314; Code Civ. Pro., § 373.
It is manifest, that if the appellant had been advised of the intended action of the respondent, and had been personally present upon the premises when the respondent entered, the latter could not have gained possession without resort to such force as would have amounted to a breach of the peace. The treacherous act of the tenant, induced by the persuasions of the respondent, does not reheve the latter from the charge of being an intruder. The statute is broad enough in its terms, and was intended to meet a case like the one now presented.
As we are unable to discover anything to excuse the respondent’s conduct, and regard his conduct in gaining possession of the premises as in all respects unlawful, we think the municipal court was correct in treating him as an intruder, and that the judgment of the county court should be reversed, and that of the municipal court should be affirmed, with costs of this appeal.
Smith, P. J.; Haight and Bradley, J. J., concur.